### REINSCHMIDT v. COMMISSIONER OF INTERNAL REVENUE.

Circuit Court of Appeals, Fifth Circuit.
November 1, 1928.

No. 5305.

Russell Snow and L. W. Branch, both of Quitman, Ga., for petitioner.

Mabel Walker Willebrandt, Asst. Atty. Gen., C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and L. W. Scott, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., and Sewall Key and John G. Remey, Sp. Asst. Attys. Gen., for respondent.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. In redetermining petitioner's income tax liability for the years 1917, 1918, 1919, and 1920, the Board of Tax Appeals disallowed two items, one of $2,589.25, the other of $4,380.01, claimed by petitioner as deductions from his gross income for the year 1920.

In 1920 petitioner acted for a partnership composed of himself, one Booth, and two other persons, under an arrangement which provided for petitioner receiving a commission of 15 cents a bundle on sales of staves made by him for the partnership. Petitioner testified that during that year, when the market for staves was not good, Booth, in a conversation with petitioner, told the latter to take the staves on hand at a stated price, and that he could have all he sold the staves for in excess of that price. Petitioner sold some of the staves at prices considerably in excess of that price, and then credited the partnership with the amount of the price stipulated in the conversation with Booth. The other partners never consented to any change of the

original arrangement, and it did not appear that Booth was authorized to bind the partnership by agreeing to such change. Subsequently, in 1921, Booth denied making the agreement above mentioned. Thereafter the petitioner, realizing that his partners would not stand for the arrangement claimed by petitioner to have been made in the conversation with Booth, made readjusting entries on his books of original entry by crediting $2,589.25 in favor of the partnership, and debiting the same amount to merchandise; that amount being the additional credit the partnership was entitled to under the original arrangement fixing the petitioner's commission at 15 cents per bundle on staves sold —the partnership being indebted to petitioner when those entries were made.

 It is apparent that the partnership was not bound by the change of arrangement which petitioner's testimony indicated was attempted to be made in the conversation between him and Booth. From the time the staves were sold by petitioner he was chargeable in favor of the partnership with the total amount he sold them for less his commission of 15 cents a bundle, as all of the price at which the staves were sold, except the amount of that commission, was received by the petitioner, not for himself, but for the partnership. A result of petitioner's original erroneous entries on his books was that his gross income for 1920 appeared to be $2,589.25 more than it really was. The making of the readjusting entries did not evidence the accrual or payment after 1920 of the amount of an expense claimed as a deduction from petitioner's gross income for that year, but amounted to mere corrections of bookkeeping errors, the correction of which was required to make petitioner's books correctly reflect his actual income resulting from transactions which were completed in that year. The fact that petitioner's books did not, until after 1920, show the correct amount of his net income for that year, did not affect his right to show that his actual net income for that year was $2,589.25 less than his books originally indicated. Doyle v. Mitchell Brothers Co., 247 U. S. 179, 187, 38 S. Ct. 467, 62 L. Ed. 1054. On the state of facts disclosed, we think petitioner was entitled to the allowance of a deduction of $2,589.25 from the amount of his gross income for 1920, indicated by his books before they were corrected by the making of the above-mentioned readjusting entries.

 As to the above-mentioned item of $4,-380.01, the board's finding of facts was as follows: "In the year 1920 the petitioner found that his cash book showed his bank balance to be $4,380.01 more than his balance as shown by the books of his bank. He was not able to reconcile the discrepancy and he therefore charged off the amount of $4,380.01 to expense and deducted that amount in computing his net income for the year 1920."

That finding was warranted by the evidence, which did not explain how the discrepancy between the petitioner's cash book and the books of his bank occurred, did not show that petitioner's books were correct, and did not show how or for what the whole or any ascertained part of the amount charged to expense was paid or expended. The petitioner not having proved that the item now in question represented expenses or losses deductible from his gross income for the year 1920, he was not entitled to have that amount allowed as a deduction.

The order of the Board of Tax Appeals is reversed, in so far as it disallowed petitioner's claim to a deduction of the amount of $2,589.25.

Reversed.